IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CSX TRANSPORTATION, INC. | ) | |
| | ) | |
| Plaintiff, | ) | No. 25 C 1824 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | |
| ZAYO GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| ZAYO GROUP, LLC, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MILENIUM, INC., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiff CSX Transportation, Inc. brings this amended four-count complaint ("complaint") against defendant Zayo Group, LLC. The dispute in this case concerns alleged incursions at 30 separate sites where plaintiff operates its railroad. Count I alleges that defendant trespassed on plaintiff's property. Count II alleges that defendant trespassed at a specific site called Montrose, resulting in damage to railroad infrastructure. Count III alleges unjust enrichment. Count IV is an action for ejectment. Other than Count III, which relates to the Montrose site, all other counts are related to alleged incursions at 29 different sites around the state of Illinois. Some of these sites are owned by plaintiff in fee simple, while others are leasehold interests, easements, or some combination of these. Defendant moves to dismiss

1

Counts I and IV in relation to all sites that plaintiff does not own in fee simple. In addition, defendant moves to dismiss Count III as to all sites. For the reasons below, defendant's partial motion to dismiss (Doc. 24) is denied.

## BACKGROUND

This case involves a conflict arising at the intersection of two infrastructure networks: plaintiff's railroad network and defendant's fiber network. Plaintiff's railroad network lies east of the Mississippi River and spans approximately 20,000 miles. Defendant's fiber optic cable network covers North American and spans approximately 145,000 miles. Unsurprisingly, these two enormous networks intersect. This case is a dispute about 30 such intersections in Illinois.[1]

Plaintiff regularly works with third parties to manage the installation of infrastructure that intersects its rail network. In the past, defendant complied with plaintiff's standard process for managing such installations. But that pattern of cooperation broke down. Beginning around 2021, plaintiff claims defendant installed fiber optic cables intersecting plaintiff's railroad without seeking prior authorization at 30 sites across Illinois. Plaintiff alleges that defendant's installation process entailed the use of heavy trucks, boring equipment, and personnel near active railroads. At these sites, defendant either bore holes to run its fiber-optic cables beneath the railroad or hung aerial fiber-optic cables over the railroad. At the Montrose site, defendant's boring equipment struck and destroyed components of plaintiff's signal systems during an unauthorized installation. Plaintiff does not allege damage to its equipment at any of the 29 other sites.

---

[1] The court draws the facts from the complaint because at the Rule 12 stage, "the court must construe all of the plaintiff's factual allegations as true and must draw all reasonable inferences in the plaintiff's favor." Virnich v. Vorwald, 664 F.3d 206, 212 (7th Cir. 2011).

2

As described in the complaint, plaintiff's property interests at the 30 sites vary. Some sites are held in fee simple, other sites are easements, leases, or a mix of property interests. At all 30 sites where defendant installed fiber optic cables, those cables remain.

## DISCUSSION

Defendant moves to dismiss the complaint in relation to all sites that plaintiff does not own in fee simple, excluding the Montrose site ("non-fee sites"). Defendant moves to dismiss under Rule 12(b)(1), arguing that plaintiff does not have standing because plaintiff failed to allege an injury in fact. Defendant also moves to dismiss under Rule 12(b)(6). Because the Rule 12(b)(1) motion challenges the existence of subject matter jurisdiction, it must be addressed prior to the merits of the underlying claims. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998).

The court understands defendant's motion to be a facial challenge to subject jurisdiction, because defendant argues that the "complaint lacks sufficient factual allegations to establish standing." Silha v. ACT, Inc., 807 F.3d 169, 173 (7th Cir. 2015). In evaluating a facial challenge to standing, courts apply the same standard of review as applies to a Rule 12(b)(6) motion; the court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." Warth v. Seldin, 422 U.S. 490, 501 (1975).

To establish Article III standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 578 U.S. 330, 338, (2016). Defendant's argument concerns the first element, whether plaintiff suffered an injury in fact. To

3

satisfy that element, "plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." Spokeo, 578 U.S. at 339 (internal quotations omitted).

Here, the injury in fact alleged by plaintiff flows from defendant's trespass. Trespass is an intangible harm. In determining whether an intangible harm is "concrete" for the purposes of establishing an injury in fact, the Supreme Court has explained that alongside considering legislative enactments, "it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." Spokeo, 578 U.S. at 341. Trespass, of course, is a claim with a long history in English and American common law. See generally 7 American Law of Torts § 23:1, "Historical background; definitions"; George E. Woodbine, Origins of the Action of Trespass, 33 Yale L.J. 799 (1923-1924). Contrary to defendant's argument, plaintiff need not "allege any damage to its railroad operations as a result of [defendant]'s installations" to allege an injury in fact. The complaint alleges that defendant "trespassed by intentionally and willfully entering onto CSXT's Railroad Property." Because the court must accept as true all material allegations in the complaint, that allegation of trespass suffices to establish an injury in fact for the purposes of Article III standing.

Having determined that plaintiff has alleged an injury in fact, the court can exercise its Article III jurisdiction and reach the merits of defendant's Rule 12(b)(6) motion. In doing so, "the court must construe all of the plaintiff's factual allegations as true and must draw all reasonable inferences in the plaintiff's favor." Virnich v. Vorwald, 664 F.3d 206, 212 (7th Cir. 2011).

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7, 570 F.3d 811, 820 (7th Cir. 2009). To survive a motion to dismiss, plaintiff must clear two hurdles: (1) "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests;" and (2) "its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**Trespass (Count I)**

The core of plaintiff's complaint is its allegation that defendant trespassed on its property. Defendant argues that plaintiff fails to state a claim for trespass at the non-fee sites, because plaintiff's property interests at those sites do not extend to the areas where defendant installed its fiber optic cables. According to defendant, railroad easements in Illinois extend only to such height and depth as reasonably permits the full and free enjoyment of the surface for railroad purposes. Because the complaint does not allege that defendant interfered with plaintiff's enjoyment of the surface for railroad purposes, the argument goes, the complaint fails to state a claim.

Plaintiff offers two basic responses. First, plaintiff contends that railroad easements are broader and more substantial than traditional easements. According to plaintiff, under Illinois law, a railroad easement, by default, grants the easement holder exclusive possession of the land. Because a railroad easement grants the easement holder exclusive possession and other rights

5

including "most of the hallmarks of fee ownership," plaintiff argues that it can state a claim for trespass based on defendant's incursions around, beneath, and above its railways. Second, plaintiff contends that the complaint does allege interference with its railroad operations at all of the non-fee sites. According to plaintiff, its right of enjoyment of the surface for railroad purposes includes "the right to license third-party installations above and below ground, and the necessity of controlling sufficient vertical and subgrade space to protect interrelated signal and communications systems and infrastructure and to preserve safety and continuity of CSXT's rail operations." In addition, plaintiff highlights the complaint's allegation that defendant's installation activities entailed using heavy trucks and boring equipment near active railroads. These installations, plaintiff argues, were material interferences with its surface rights.

The court finds that the complaint states a claim for trespass. Under Illinois law, a trespass is an invasion "of the exclusive possession and physical condition of land." Colwell Sys., Inc. v. Henson, 452 N.E.2d 889, 892 (Ill. App. 4th 1983); see also Restatement (Second) Torts §158 (explaining that "[o]ne is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally…enters land in the possession of the other, or causes a thing or a third person to do so"). As the court reads the complaint, it alleges that defendant trespassed on the non-fee sites in two separate ways. First is the trespass that occurred during the installation process. That trespass involved the presence of personnel and heavy machinery the surface near the railroad. Second is the ongoing trespass based on the existence of fiber optic cables that run either beneath or above the railroad.

The court finds that the complaint's first allegation of trespass is sufficient to state a claim for trespass. Even if defendant is correct that railroad easements are limited to enjoyment

6

of the surface for railroad purposes, a matter which the court need not decide now, plaintiff alleges that defendant trespassed on the surface by deploying personnel and heavy machinery near railroads that were in active and continuous use. Thus, according to plaintiff, defendant invaded land that plaintiff claims was in its exclusive possession. At this stage, where the court must read the complaint in the light most favorable to the plaintiff, this allegation is sufficient to state a claim for trespass.

**Unjust Enrichment (Count III)**

Defendant moves to dismiss the unjust enrichment count as to the non-fee sites. Defendant argues that plaintiff's claim for unjust enrichment is "entirely premised on its trespass claim." Because of this relationship, defendant correctly states that "unjust enrichment rises and falls with the underlying claim." See Cleary v. Philip Morris Inc., 656 F.3d 511, 517 (7th Cir. 2011). The court has not dismissed the trespass claim. Consequently, the court will not dismiss the unjust enrichment claim that rises or falls with it.

Defendant also moves to dismiss the unjust enrichment claims as to the sites that plaintiff owns in fee simple. Defendant argues that plaintiff's unjust enrichment claim fails, because unjust enrichment is available only when there is no adequate remedy at law. Because plaintiff has stated a claim for ejectment and trespass, the argument goes, plaintiff has access to an adequate remedy at law, foreclosing the availability of unjust enrichment.

Plaintiff responds that the complaint simply pleads its claims in the alternative. According to plaintiff, plaintiffs may plead an alternative claim for unjust enrichment, even if they allege in other counts that they have an adequate remedy at law.

At this stage, the court agrees with plaintiff. Plaintiffs are entitled to plead in the alternative, and it is not appropriate to decide here whether there is an adequate remedy at law, because the court will not decide the underlying trespass and ejectment claims at this stage. See Fed. R. Civ. P. 8(a) and (d)(2) (explaining that a pleading may demand "relief in the alternative or different types of relief" and that a "party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones").

**Ejectment (Count IV)**

Defendant moves to dismiss the claims for ejectment at the non-fee sites. Defendant correctly states that to state a claim for ejectment, plaintiff must allege that it has a "valid subsisting interest in the premises claimed, and a right to recover the same," 735 ILCS 5/6-104, and that defendant unlawfully withholds from plaintiff "the possession thereof." In a nutshell, defendant's argument is that because plaintiff's interest in the subsurface beneath the railroad is not valid, plaintiff fails to state a claim for ejectment.

The court disagrees. Defendant's argument confuses the elements that must be alleged with a final determination on those elements. The complaint alleges that "defendant installed its fiber-optic cables on, over, and/or under CSXT's Railroad Property, thus taking possession of a portion of the premises owned or controlled by CSXT and depriving CSXT of the full use of that property." Thus, plaintiff has alleged that it posesses a "valid subsisting interest in the premises claimed." 735 ILCS 5/6-104. The court cannot determine the validity of this claimed property interest as a matter of law, because "[t]he height to which the [railroad] easement extends where no dimensions are fixed by the instrument creating it depends upon the facts of each case." Cleveland, C.C. & St. L. Ry. Co. v. Cent. Ill. Pub. Serv. Co., 43 N.E.2d 993, 996 (Ill. 1942); see

also Farmers Grain & Supply Co. of Warsaw v. Toledo, P. & W. R. R., 44 N.E.2d 77, 81 (Ill. App. 3d 1942) (explaining that the bounds of a railroad easement "is a question of fact to be determined from the circumstances of each case").  The court can determine the validity of plaintiff's alleged property interest only after finding facts.  Making such factual findings would be premature at the motion to dismiss stage.  Consequently, the complaint sufficiently states a claim for ejectment.

## CONCLUSION[2]

For the above reasons, defendant's motion partial motion to dismiss is denied (Doc. 24).  Defendant is directed to answer Counts I, III, and IV by February 17, 2026.  The parties are directed to file a joint status report using this court's form by February 24, 2026.

**ENTER:**

Robert W. Gettleman
United States District Judge

**DATE:   January 20, 2026**

---

[2] The parties spend a great deal of their briefing discussing an opinion addressing a motion for partial summary judgment in a related case in the Southern District of Indiana.  The court does not address that opinion because a motion under Fed. R. Civ. P. 12(b)(6) is directed towards the face of the complaint.  The related summary judgment opinion was decided on a record that is not before the court.